IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| BRIAN DAVIS an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., a foreign corporation doing business in Washington; and ABC CORPORATION 1-10,<br><br>　　　　Defendants. | No.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff, BRIAN DAVIS, by and through his attorney, THOMAS J. MOORE of LEHMBECKER LAW, and complains and alleges against the above named defendants as follows:

**I. PARTIES**

1.1     Plaintiff, BRIAN DAVIS, at all times relevant and material to this Complaint, resided in Marysville, Snohomish County, Washington.

1.2     Defendant, CHIPOTLE MEXICAN GRILL (hereinafter, "Chipotle"), is a foreign corporation doing business within King County, Washington. Defendant's registered agent

COMPLAINT FOR DAMAGES

Page 1

LEHMBECKER LAW
400 – 108th Avenue NE, Suite 500
Bellevue, Washington 98004
(425) 455-3186 Fax: (425) 454-5832

EXHIBIT A
PAGE 1 OF 5

1  for service of process is: Cogency Global, Inc., 1780 Barnes Blvd. SW, Tumwater, WA 98512.

1.3   Defendants ABC CORPORATION 1-10 are unidentified persons and entities who are or may be alleged to have been "at fault" as that term is defined in RCW 4.22.015, for the injuries and damages alleged herein.  The identities of those persons and entities are not yet fully ascertainable and discovery will be required to determine whether additional parties should be or will be named.  If an identifiable party is substituted for one or more of these entities, said amendment shall "relate back" to the initial filing.

## II. JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2.1   The incident that is the subject of this litigation occurred in King County, Washington.  Venue is proper pursuant to RCA 4.12.020(3).

2.2   This action was commenced within the time permitted by the applicable statute of limitations.

2.3   Any and all claim notices have been properly filed and served, and any applicable waiting period has expired since the date of filing and service of such notices.

2.4   The answering Defendant acknowledges that it has been properly served with the Summons and Complaint in this matter.

2.5   There is no person or entity unnamed in this lawsuit who caused or contributed to the damages alleged herein.  Under CR 12(i) you have a duty to affirmatively plead that defense as well as disclose the identity of the non-party.

## III. FACTS

3.1   Date:  Plaintiff's injuries arise out of a fall from a broken stool at a Chipotle restaurant on or about May 20, 2017.

COMPLAINT FOR DAMAGES

Page 2

LEHMBECKER LAW
400 – 108th Avenue NE, Suite 500
Bellevue, Washington 98004
(425) 455-3186 Fax: (425) 454-5832

EXHIBIT A
PAGE 2 OF 5

3.2   Location:  The incident occurred at Chipotle Mexican Grill, located at 10503 NE 4th St #200, Bellevue, WA 98004.

3.3   Details:  On or about May 20, 2017, Plaintiff, BRIAN DAVIS, sat down on a stool located in the dining room of Chipotle Mexican Grill, in Bellevue, Washington.  The seat of the stool was not properly fastened to the base.  The seat broke off, causing Plaintiff to fall.

3.4   Actual Notice:  Defendant had, or should have had, actual notice and/or constructive notice of the condition of the stool.

3.5   Injuries:   Plaintiff suffered personal injuries as a direct result of Defendant's negligence.

## IV. NEGLIGENCE

Negligence: Failure to Exercise Reasonable Care to Protect Invitee Against Dangerous Conditions

4.1   Plaintiff realleges all prior allegations as though fully stated herein.

4.2   A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if the possessor (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

4.3   Defendant CHIPOTLE knew or in the exercise of reasonable care would have discovered that the stool was defective and unsafe and should have realized it involved an unreasonable risk of harm to Plaintiff.  Defendant CHIPOTLE should have expected that Plaintiff would not have discovered or fully realize the danger.  Defendant CHIPOTLE failed

COMPLAINT FOR DAMAGES

Page 3

LEHMBECKER LAW
400 – 108th Avenue NE, Suite 500
Bellevue, Washington 98004
(425) 455-3186 Fax: (425) 454-5832

EXHIBIT A
PAGE 3 OF 5

1  to exercise reasonable care to protect Plaintiff by repairing the stool or, alternatively, warning

2  him about the dangers it presented and how it should be used, if at all.

3  4.13   As a direct and proximate cause of Defendant CHIPOTLE's negligence, Plaintiff

4  suffered damages in an amount to be proven at the time of trial.

## V. NO COMPARATIVE FAULT

5.1   Plaintiff was without negligence of any kind or nature whatsoever and did not contribute to his own injuries or damages in any way.

## VI. DAMAGES

6.1   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered severe physical injuries and is entitled to fair and reasonable compensation.

6.2   As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred medical expenses and other out-of-pocket expenses and is entitled to fair and reasonable compensation.

6.3   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and will continue to suffer severe physical pain and suffering and is entitled to fair and reasonable compensation.

6.4   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and will continue to suffer severe mental and emotional distress and is entitled to fair and reasonable compensation.

6.5   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered loss of enjoyment of life, disability, and is entitled to fair and reasonable compensation.

6.6   As a direct and proximate result of the negligence alleged herein, Plaintiff is entitled to attorney's fees.

COMPLAINT FOR DAMAGES

Page 4

LEHMBECKER LAW
400 – 108th Avenue NE, Suite 500
Bellevue, Washington 98004
(425) 455-3186 Fax: (425) 454-5832

EXHIBIT A
PAGE 4 OF 5

6.7   As a direct and proximate result of the negligence alleged herein, Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

6.8   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered loss of earnings and loss of earning potential.

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for the following relief:

7.1   Special damages for Plaintiff in such amount as are proven at trial.

7.2   General damages for Plaintiff is such amount as are proven at trial.

7.3   Costs, including reasonable attorney's fees for Plaintiff as are proven at trial.

7.4   Prejudgment interest of all liquidated damages.

7.5   For such other and further relief as the court deems just, equitable, and proper for the Plaintiff at trial.

DATED this 2nd day of March, 2020.

_____
THOMAS MOORE, WSBA #46027
Lehmbecker Law
Counsel for Plaintiff

COMPLAINT FOR DAMAGES

Page 5

LEHMBECKER LAW
400 – 108th Avenue NE, Suite 500
Bellevue, Washington 98004
(425) 455-3186 Fax: (425) 454-5832

EXHIBIT A
PAGE 5 OF 5